IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01124-PAB-MEH

RAYMOND R. MUNOZ,

    Plaintiff,

v.

CITYWIDE BANKS OF COLORADO, INC., a corporation doing business in Colorado,

    Defendant.

## ORDER RE: MOTION TO COMPEL

Pending before the Court is Defendant's Motion to Compel Discovery from Plaintiff [filed June 4, 2010; docket #44]. The matter is briefed and has been referred to this Court. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons that follow, the Court **grants in part** and **denies without prejudice in part** the Motion to Compel.

**I.    BACKGROUND**

Plaintiff filed this lawsuit claiming Defendant discriminated against him in his employment based upon his race, national origin and age, resulting in multiple damages including "loss of wages, diminution in earning capacity, damage to his reputation, loss of opportunity for promotion, loss of benefits, loss of opportunity for professional growth and for pain, suffering, emotional distress and punitive damages." Complaint, docket #1 at ¶¶ 50 and 61.

Following the exchange of discovery requests and the Plaintiff's initial deposition concerning Defendant's after-acquired evidence defense, Defendant filed the within Motion to Compel seeking certain medical, financial and tax records, and arguing that Plaintiff's objections to the requested discovery are untimely and, thus, waived. *See* docket #44. Plaintiff counters that his objections were not waived, since he verbally made the objections to Defendant's counsel after

receiving the requests and since he was unable under prevailing law to make any objections outside a blanket objection regarding the excessive number of requests made. *See* docket #48. In addition, Plaintiff restates his objections that the requested information and documents are irrelevant and overly broad. *Id.* Defendant replied contending that Plaintiff's case law regarding waiver is inapposite and that the requested discovery is relevant. *See* docket #56. Defendant seeks an award of attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5).

## II.     DISCUSSION

### A.     Timeliness of Objections

Defendant argues that Plaintiff's objections made in his "Second Response" submitted May 18, 2010, nearly four months after service of Defendant's January 19, 2010 discovery requests (*see* docket #44-1), are untimely and, therefore, waived. According to the record, Defendant granted Plaintiff an initial extension of time (16 days) to submit responses to its discovery requests. Plaintiff's March 10, 2010 response reflects a general objection to all requested discovery that the "discrete subparts" of each request resulted in an excessive number of requests pursuant to the governing Scheduling Order. *See* docket #44-2. According to both parties, the Defendant agreed to alter its requests to reduce the number of discrete requests actually made[1] and the parties together agreed to the production of certain information and documents that would satisfy Defendant. However, Defendant now contends that such production was not made (or was made after the filing of the present motion) and that Plaintiff's objections regarding relevance and overbreadth, made after Defendant's expressed intention to file a motion to compel (*see* dockets #44-3 and #44-4), are waived as untimely.

---

[1]The Plaintiff concedes, "... the discrete subpart issue has thus been resolved and the dispute over the time period of 15 [sic] years for tax returns and 10 years for all banking records, along with an "at any time"medical treatment request are all that remain to be resolved." Docket #48 at 3.

Rule 33 governing interrogatories provides, in pertinent part, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories" (Fed. R. Civ. P. 33(b)(2)) and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). In addition, although not specifically stated in Fed. R. Civ. P. 34 governing the production of documents, "a failure to object to requests for production of documents within the time permitted by the federal rules has been held to constitute a waiver of any objection." *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661 (D. Colo. 2000) (citing cases) (finding that objections first asserted 71 days after service of discovery requests and where no good cause for the delay was articulated were waived).

Plaintiff contends that his objections are not waived for two reasons: (1) he verbally articulated to the Defendant his objections regarding relevancy, burden and breadth at an April 7, 2010 meeting and a May 18, 2010 meeting; and (2) he believed that asserting any other objection, in addition to the global objection raised on March 10, 2010, would forever waive his right to object to the discovery requests. Docket #48 at 4, 5.

First, *any* objections made to Defendant's January 19, 2010 discovery requests after March 10, 2010 are untimely under the rules. Therefore, the Plaintiff must demonstrate good cause for the delay in making untimely objections, whether at the April 7, 2010 meeting, the May 18, 2010 meeting or in the May 18, 2010 "Second Response."

With respect to Plaintiff's first argument, even if the Plaintiff were to provide legal support for his proposition that verbal objections suffice to meet the requirements of Rule 33(b), his own statements belie his suggestion that verbal objections regarding relevance and overbreadth were made before May 18, 2010. On May 24, 2010, Plaintiff's counsel wrote a letter to defense counsel explaining his understanding of communications regarding the discovery requests. *See* docket #44-6. In paragraph 1, Plaintiff's counsel, referring to his paralegal, Ms. Elmore, states that Ms. Elmore

3

mentioned to defense counsel in an April 7, 2010 meeting that Plaintiff's counsel would likely object to any requested time period longer than five years. He then states, "She nor I, did not indicate and represent to you any basis of objection based upon relevance, being overly broad, etc. would be discussed or decided during this April 7, 2009 [sic] meeting. Such objections were properly identified in our second supplemental responses [dated May 18, 2010] and were certainly not waived by any discussions of April 7, 2009 [sic]." *Id.*

Moreover, Plaintiff provides no legal support (and the Court has found none) for his belief that objections, other than the blanket objection timely made on March 10, 2010 regarding "discrete subparts," could not be made together with the blanket objection at the risk of being waived. Plaintiff's reliance on *Allahverdi, M.D. v. Regents of the Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) is misplaced. The Plaintiff concedes that *Allahverdi* stands for the proposition that a party waives an objection to an excessive number of discovery requests if the party *responds* to the challenged discovery requests. *See Allahverdi*, 228 F.R.D. at 698; *see also* docket #48 at 2. Nothing in *Allahverdi* requires that a party refrain from making objections in addition to the "discrete subparts" objection in order to avoid waiver.[2]

Although not raised by the Plaintiff, the Court recognizes that some delay may have occurred from the parties' efforts to resolve the "discrete subparts" issue raised on March 10, 2010. However, even if the Court were to accept as good cause for delay the parties' good faith attempt to come to an agreement at the April 7, 2010 meeting regarding the "discrete subparts" objection, the Plaintiff

---

[2] In *Allahverdi*, the defendants objected that the number of discovery requests exceeded the number allowed in the Scheduling Order. Nevertheless, the defendants answered some requests, but not others. The court stated, "[w]hen a party believes that another party has asked too many interrogatories, the party to which the discovery has been propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection." *Allahverdi*, 228 F.R.D. at 698.

4

provides no reason or justification for the subsequent six-week delay in making new objections in his May 18, 2010 "Second Response."

Therefore, the Court finds that Plaintiff has failed to show good cause for the delay from March 10, 2010 to May 18, 2010 in asserting objections raised for the first time in his "Second Responses to Defendant's Interrogatories and Requests for Production of Documents."[3] Pursuant to Rule 33(b)(4), the Court finds such objections are waived.

Consequently, the Court **grants** the motion to compel as follows. **On or before July 6, 2010**, the Plaintiff shall produce the information and documentation requested in Defendant's January 19, 2010 Interrogatories and Requests for Production of Documents (to the extent it has not been already provided) subject to the parties' agreement regarding the "discrete subparts," including the information and documentation identified by Defendant in its motion and reply brief:[4]

1. Financial information and documents concerning Prime West Financial, R. Munoz & Associates, and any other corporate or personal bank account and tax information for the ten-year period specified in Interrogatory No. 15 and Request for Production No. 7; and

2. Identification of all health care providers from whom Plaintiff sought and/or received mental health care through Plaintiff's adult life, if any and to the extent they have not been already identified (excluding any marital counseling that did not include the prescription of drugs or a

---

[3]Notably, in his "Second Response," the Plaintiff raised no objections as to privilege. *See, e.g., Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984); *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 451-52 (D. Kan. 2009); *Pham*, 193 F.R.D. at 662.

[4]Defendant contends generally that Plaintiff has failed to produce documents that may be related to his responses to Interrogatories No. 2, 3, 6, 8, 9, 11 and 12. However, without specific identification of these documents, the Court cannot order their production. Nevertheless, if the Plaintiff has knowledge of and is in possession of any such documents, or if he possesses no such documents, he shall so inform the Defendant (in accordance with the federal rules) in his supplemental discovery responses ordered herein.

diagnosis), and fully executed, HIPAA-compliant releases for each provider identified.[5]

If the Plaintiff does not personally possess the documents requested, he is ordered to provide executed releases, drafted by the Defendant in accordance with this order, **on or before July 6, 2010**. If no such information or documents requested by the Defendant exist, the Plaintiff shall so inform the Defendant and verify in a supplemental response to be submitted **on or before July 6, 2010**.

      B.      Request for Attorney's Fees

Pursuant to Fed. R. Civ. P. 37(a)(5), "[i]f the motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." Here, the Court finds that Defendant's attempts to resolve the issues raised in the motion before requesting court action were made in good faith and the Plaintiff's non-response to the requested discovery was not substantially justified. Moreover, Plaintiff produced some documentation identified in the motion to compel after the motion was filed.

Therefore, because the substance of the motion has been granted (but see below), the Court will **grant** the Defendant its reasonable attorney's fees and costs for the preparation of the present motion. **On or before July 6, 2010, the Defendant shall file a petition for fees and costs; the**

---

[5]It is the Court's understanding that, now, the Plaintiff primarily objects to the relevance of Defendant's discovery requests dating back ten years (or before the Plaintiff's employment began). *See* docket #44-6 at ¶¶ 4, 7. In addition, the Plaintiff objects to the relevance of Plaintiff's personal financial information by arguing the merits of Defendant's after-acquired evidence defense. Docket #44-3. While the Court need not address the merits of Plaintiff's objections here, the Court concludes that Defendant's requests are not "patently improper." *See Pham*, 193 F.R.D. at 662 (citing *Godsey v. United States*, 133 F.R.D. 111, 113 (S.D. Miss. 1990) (although all objections may be deemed waived, the "more prudent course" is to examine the discovery to assure that no request is "patently improper")). Moreover, the Court notes that any confidentiality concerns would be resolved by the Stipulated Protective Order entered in this case on September 4, 2009.

**Plaintiff may respond to the petition on or before July 12, 2010**.

      C.      <u>Request to Reopen Deposition</u>

Defendant's request to reopen Plaintiff's deposition (should the Court grant the present motion) is **denied without prejudice** as premature and in contravention of D.C. Colo. LCivR 7.1C ("[a] motion shall not be included in a response or reply to the original motion").

## III.   CONCLUSION

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Compel Discovery from Plaintiff [<u>filed June 4, 2010; docket #44</u>] is **granted in substantial part** and **denied without prejudice in part** as specified herein.

Dated at Denver, Colorado, this 30th day of June, 2010.

                                                   BY THE COURT:

                                                   */s/ Michael E. Hegarty*

                                                   Michael E. Hegarty
                                                   United States Magistrate Judge